**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cynthia J. Cantrell, | ) | No. CV-10-02145-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Bank of America, N.A., et al., | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiff Cynthia Cantrell's motion to remand (doc. 16), defendants Bank of America, BAC Home Loans Servicing, ReconTrust Company, Countrywide Home Loans, and Mortgage Electronic Registration Systems' response (doc. 21), and plaintiff's reply (doc. 25). We also have before us defendants' motion to dismiss (doc. 10), defendant Homecomings Financial's joinder (doc. 14), plaintiff's response and "Motion to Deny Joinder" (docs. 19 & 20), and defendants' reply (doc. 24). Finally, we have before us plaintiff's "Petition for Order: Ordering Defendants to Surrender the Genuine Original Adjustable Rate Note" (doc. 22), defendants' response (doc. 26), defendants' motion to strike plaintiff's "Pleading in Support of Motion to Remand" (doc. 28), plaintiff's response (doc. 29), and defendants' reply (doc. 30).

**I**

In 2006, plaintiff borrowed $448,000.00 from Homecomings Financial and secured the loan with a deed of trust on her home in Scottsdale, Arizona. The home is currently

1  subject to a trustee's sale noticed in February 2010. Although she made payments on the
2  loan for some time, plaintiff alleges that she never received a loan because the note referred
3  to "Cynthia Cantrell, an unmarried woman," a name she does not use. She also claims that
4  she did not receive a loan because the note's operative language was in the past tense, instead
5  of the present tense, and the note did not have a seal. Moreover, plaintiff seeks to enjoin the
6  trustee's sale based on the beneficiary of the deed of trust not owning the note, notary fraud,
7  and a failure to comply with the deed of trust's notice provisions.

8        Plaintiff filed this action in the Superior Court of Arizona in Maricopa County on
9  September 27, 2010. Defendants removed it to this Court based on diversity jurisdiction, 28
10 U.S.C. § 1332. It is the second time an action challenging the pending trustee's sale has been
11 removed to this Court. Plaintiff's prior action, No. CV-10-900-PHX-ROS, was dismissed
12 with prejudice ten days before she filed the present one (prior doc. 102). In that action, as
13 in this one, plaintiff claimed that she had never received a loan and sought to enjoin the
14 trustee's sale based on notary fraud and breaks in the chain of ownership of the deed of trust
15 and the note (prior doc. 46). She also raised violations of federal law. Instead of naming the
16 current defendant entities, however, plaintiff named their corporate executives acting in their
17 official capacities. In an Order of September 2, 2010, plaintiff was advised that her claims
18 were meritless and that, because her allegations only involved actions taken by the
19 corporations, it was clear that she had named the wrong defendants (prior doc. 87 at 4-5).
20 The Court informed her that she needed to name the corporations as defendants if she
21 believed that the corporations had harmed her (prior doc. 87 at 5 n.1). In a proposed third
22 amended complaint, plaintiff again failed to state a non-frivolous claim or name the proper
23 defendants, which resulted in a dismissal with prejudice (prior doc. 102). She did not file an
24 appeal.

**II**

26     As an initial matter, we note that plaintiff's briefs contain vague, baseless accusations
27 concerning the impartiality of this Court. We reject them summarily.
28     Plaintiff contests removal because of the effect of the citizenship of fictitiously-named

- 2 -

1  defendants on diversity jurisdiction. For purposes of removal based on diversity jurisdiction,
2  however, "the citizenship of defendants sued under fictitious names shall be disregarded."
3  28 U.S.C. § 1441(a). Plaintiff also refers to criminal law, notions of federalism, the Arizona
4  Constitution, and portions of federal jurisdictional statutes. But she does not raise a coherent
5  basis for remand. Therefore, we deny plaintiff's motion to remand.

6  Defendants contend that plaintiff's claims are barred by the doctrine of claim
7  preclusion, which promotes the final resolution of disputes through court judgments by
8  preventing repetitive actions. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning
9  Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). Claim preclusion bars parties from alleging
10 claims based on a cause of action already decided on the merits, even if the claims were not
11 alleged in the first action. Id. We apply federal preclusion law to determine the effect of a
12 federal judgment based on federal question jurisdiction. See Taylor v. Sturgell, 553 U.S.
13 880, 891, 128 S. Ct. 2161, 2171 (2008). The criteria for claim preclusion are an identity of
14 claims, a final judgment on the merits, and privity. Tahoe-Sierra, 322 F.3d at 1077.

15 To determine whether claims are based on the same cause of action, that is, whether
16 there is an identity of claims, we look to (1) whether interests established in the prior
17 judgment would be impaired, (2) whether substantially the same evidence is presented in the
18 two actions, (3) whether infringement of the same right is involved, and, most importantly,
19 (4) whether the two actions arise out of the same transactional nucleus of facts. United States
20 v. Liquidators of European Fed. Credit Bank, Nos. 09-10116, 09-10161, 09-10183, 2011 WL
21 9730, at *10 (9th Cir. Jan. 4, 2011). Plaintiff's present claims, which are based on the non-
22 existence of a loan and the impropriety of a trustee's sale, fall well within the same
23 transactional nucleus of facts as her prior claims. The remaining factors do not weigh against
24 a finding of identity, and plaintiff does not argue otherwise. Plaintiff also does not dispute
25 that a dismissal with prejudice for failure to state a claim is a final judgment on the merits.
26 See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).

27 The final criterion, privity, exists if there is a sufficient commonality of interest
28 between the parties of the two actions. Tahoe-Sierra, 322 F.3d at 1081. It is "a flexible

1 concept dependent on the particular relationship between the parties in each individual set
2 of cases." Id. at 1081-82.  Plaintiff argues that the defendant entities cannot claim a
3 connection with their corporate executives after they asserted that their executives were not
4 liable for their activities in her prior action.  It is telling that plaintiff believes the defendant
5 entities made assertions in her prior action.  In that action, she not only named the executives
6 acting in their official capacities, she did so without including individualized allegations and
7 refused to name the entities when the court advised her that her claims were against them.
8 To the extent that plaintiff is not, in effect, suing the same defendants, we conclude that there
9 is privity between the parties in the two actions.  See Pedrina v. Chun, 97 F.3d 1296, 1302
10 (9th Cir. 1996) (discussing privity between a corporation and its officers).  Because the three
11 criteria for claim preclusion are satisfied, plaintiff is barred from re-litigating her prior action
12 by alleging the present claims.  We grant defendants' motion to dismiss.

13 **IT IS THEREFORE ORDERED DENYING** plaintiff's motion to remand (doc. 16)
14 and "Motion to Deny Joinder" (doc. 20).

15 **IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss and
16 joinder (docs. 10 & 14).  Plaintiff's claims are dismissed with prejudice because they are
17 barred by claim preclusion.

18 **IT IS FURTHER ORDERED DENYING** plaintiff's "Petition for Order" (doc. 22)
19 and defendants' motion to strike (doc. 28) as moot.

20 The clerk shall enter final judgment in favor of defendants and against plaintiff.
21 DATED this 2nd day of February, 2011.

_____
Frederick J. Martone
United States District Judge